Filed 6/30/25  P. v. Mitchell CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ANGELO MITCHELL,<br><br>　　　Defendant and Appellant. | A169329<br><br>(San Francisco County<br>Super. Ct. No. CRI2071368) |

Defendant and appellant Angelo Mitchell (appellant) appeals from the sentence imposed pursuant to his resentencing petition under Penal Code section 1172.75.[1]  We reject his claim that the trial court abused its discretion in failing to stay his life sentence under section 654.  We do, however, order correction of the abstract of judgment to reflect appellant's actual custody and presentence conduct credits.

FACTUAL BACKGROUND[2]

At approximately 5:30 a.m. on October 1, 2002, the victim, K.K., a nursing student, was walking to her hospital clinical rotation on Hayes

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The factual and procedural background is derived in large part from this court's previous nonpublished decision in *People v. Mitchell* (Jan. 24, 2006, A108459).  Respondent's March 4, 2025 request for judicial notice of the records in the prior appeal is granted.

1

Street in San Francisco. She noticed a man, later identified as appellant, standing next to a car parked across the street. K.K. continued walking, and the man crossed the street directly in front of her and began rattling an apartment building gate. After K.K. walked past him, the man grabbed her from behind by placing his arm around her neck in a choke hold and lifting her off the ground. The man smelled of alcohol. K.K. was unable to breathe or make a sound. The man told her not to talk and continued to choke her while he dragged her across the street into a carport.

At the back of the darkly lit carport, the man sat her down and threatened to shoot K.K. if she said anything. He told her he wanted her to "suck his dick," and made her repeat that. She squatted while he put his penis in her mouth and his hands on her shoulders and head, and used his legs to keep her from moving. After several minutes, she cried uncontrollably, pulled her head away, and tried to push the man away. The man put his penis back in K.K.'s mouth. When she again started to cry and pulled her head away, he reached behind him and threatened to shoot her. He placed his penis in her mouth a third time and said if he did not ejaculate, he would "fuck" her. He also fondled her breast under her clothing.

The man then stopped, backed away from K.K., and began walking toward the carport exit. When she tried to move past him, he pushed her back inside the carport. He then left the carport and started running. K.K. saw two police officers across the street and said, "That's him, get him." The man was apprehended several blocks away and taken into custody. At trial, a police officer identified appellant as the man the police apprehended.

2

PROCEDURAL BACKGROUND

A jury convicted appellant of three counts of forcible oral copulation (§ 288a, subd. (c)(2); counts five, six, and seven); sexual battery (§ 243.4, subd. (a); count eight); and making a terrorist threat (§ 422; count nine). As to the oral copulation counts, the jury found true aggravated kidnapping circumstance allegations (§ 667.61, subds. (a) & (d)(2)). In a bifurcated trial, the jury found true two prior prison term allegations. (§ 667.5, subd. (b).)

Appellant was sentenced to 27 years to life in state prison. The trial court sentenced him to 25 years to life on count five; concurrent life terms on counts six and seven; a concurrent midterm of three years on count eight; a concurrent midterm of two years on count nine; and two one-year consecutive terms on the prior prison enhancements.

Appellant appealed, and, in January 2006, this court remanded for resentencing and correction of the abstract of judgment. (*People v. Mitchell*, *supra*, A108459.) On remand, the trial court stayed the life sentences on counts six and seven.

In February 2022, appellant filed a resentencing petition pursuant to section 1171.1, now section 1172.75. In September, the trial court granted the petition and struck the prior prison enhancements.

DISCUSSION

I.   *Appellant Has Not Shown the Trial Court Abused Its Discretion*

At issue in the present appeal is the trial court's application of section 654 to counts five (forcible oral copulation), eight (sexual battery), and nine (criminal threats). During resentencing, appellant argued that, due to amendments to section 654, the trial court now had discretion to stay punishment on count five in favor of imposing punishment on one of the lesser counts. The trial court found that, assuming it did have such

3

authority, it was not appropriate to impose one of the shorter determinative terms, declaring "that the sentence imposed was commensurate with the offense, given the totality of the circumstances known at the time of the sentencing and known now." Appellant contends the trial court's finding was an abuse of discretion. We reject the contention.[3]

When the trial court originally sentenced appellant, "section 654 provided that when an act or omission was 'punishable in different ways by different provisions of law,' the trial court was required to punish the defendant 'under the provision that provide[d] for the longest potential term of imprisonment.' [Citation.] Effective January 1, 2022, however, Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518) amended section 654, subdivision (a), 'to afford sentencing courts the discretion to punish the act or omission under either provision,' without regard to the longest potential term of imprisonment." (*People v. Caparaz* (2022) 80 Cal.App.5th 669, 688 (*Caparaz*); see also *People v. Mani* (2022) 74 Cal.App.5th 343, 351.) In other words, "trial courts are no longer obligated to impose the sentence under the provision that contains the longest sentence and may, instead, stay the term of the longer sentence and apply an applicable provision that contains a shorter term." (*People v. Farias* (2023) 92 Cal.App.5th 619, 654, review granted Sept. 27, 2023, S281027.)

Section 654 as amended appears on its face to allow for the requested relief, stay of the life sentence under count five and execution of sentence on

---

[3] Respondent argues section 654 does not apply because the charges at issue did not arise from an indivisible course of conduct within the meaning of the statute. (See *People v. Corpening* (2016) 2 Cal.5th 307, 311 [section 654 bars multiple punishment for "not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective"].) Because we conclude the trial court did not abuse its discretion, we need not and do not address respondent's alternate basis to affirm.

another count. However, the *Caparaz*, decision held that such a stay would be contrary to a provision of the "One Strike" law that prohibits suspension of " 'the execution or imposition of sentence' " of a sentence imposed under the law, which includes the sentence imposed for the forcible oral copulation conviction. (*Caparaz*, *supra*, 80 Cal.App.5th at pp. 689–690, citing § 667.61, subd. (h).) On the other hand, a Second Appellate District decision, *People v. Govan* (2023) 91 Cal.App.5th 1015 (*Govan*), disagreed with *Caparaz*, concluding that, "[r]easonably read, section 667.61, subdivision (h), prohibits only probation and not a stay under section 654." (*Govan*, at p. 1020.)

We need not resolve the disagreement between *Caparaz*, *supra*, 80 Cal.App.5th 669 and *Govan*, *supra*, 91 Cal.App.5th 1015 because, assuming the trial court had authority to stay imposition of the sentence for forcible oral copulation, the trial court did not abuse its discretion in declining to do so. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [discretionary sentencing decisions are reviewed for abuse of discretion].) A court abuses its discretion when it acts arbitrarily, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.)

Appellant does not argue the trial court relied on improper matter or was unaware of the scope of its discretion; instead, appellant argues the court's decision was "irrational" because the evidence "showed substantial rehabilitation." In particular, appellant argues he worked various jobs while incarcerated; received "many above-average performance reviews"; completed educational programs and obtained his GED; "did substantial self-help programming, including programs on addiction, general wellness and rehabilitation, and anger management"; and received positive feedback from program leaders. Appellant also presented evidence that he suffered abuse

and sexual trauma during his childhood, that he suffered from addiction, and that he had strong family support and a work plan if released. Finally, the Department of Corrections and Rehabilitation classified appellant at the lowest possible level of risk for reoffending based on his prison record, and "[a]n assessment by a forensic psychologist retained by the defense drew the same conclusion."

Although the evidence showed that appellant has, on the whole, done well during his confinement, he did have some disciplinary violations, including three instances of drug possession between 2005 and 2007, battering another inmate in 2013, and three instances of possessing cell phones between 2013 and 2020. It is also worth noting that appellant was on probation when he was arrested for the present offenses. In opposing imposition of a lesser sentence, which would have constituted a "time-served" sentence, the prosecution argued that the "parole commissioners should determine whether [appellant] is suitable for parole." After considering appellant's evidence and the parties' arguments, the trial court declined to stay the sentence for forcible oral copulation, stating, "The Court exercises its discretion, and the Court finds that the sentence imposed was commensurate with the offense, given the totality of the circumstances known at the time of the sentencing and known now."

Given the disturbing and violent nature of the underlying offenses, the trauma inflicted on the victim, the circumstance that appellant committed the offenses while on probation, and appellant's rule violations in prison, we conclude appellant has not met his burden of showing it was irrational or arbitrary for the trial court to decline to exercise its discretion under section 654 to stay the life term on the count five forcible oral copulation conviction. (Cf. *People v. Norrell* (1996) 13 Cal.4th 1, 8 [in what was "essentially a

6

robbery by youthful defendants," the trial court did not abuse its discretion in imposing the sentence on a lesser count "in light of the actual circumstances of the crime and the age and juvenile records of defendants"].)

II.    *The Abstract of Judgment Must be Corrected to Reflect Custody Credits*

The parties agree the trial court erred by failing to calculate appellant's custody credits at resentencing.  (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  The parties also agree the court should have awarded appellant 7,295 actual custody credits, plus the 115 presentence conduct credits that were awarded to him at his original sentencing.  Finally, the parties agree this court may order that the abstract of judgment be corrected to reflect appellant's custody credits.  (See *People v. Dean* (2024) 99 Cal.App.5th 391, 397; *People v. Adams* (2018) 28 Cal.App.5th 170, 194.)  We will do so.

## DISPOSITION

We order that the abstract of judgment be corrected to reflect that appellant is awarded 7,295 actual custody credits, plus 115 presentence conduct credits.  The clerk of the superior court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A169329)

7